[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 23, 1992 Date of Application December 23, 1992 Date Application Filed January 15, 1993 Date of Decision September 28, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket No. CR92-204118.
Denise Derby, Esq. Defense Counsel, for Petitioner
 John A. Connelly, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of assault on a peace officer in violation of General Statutes53a-167c and interferring with an officer in violation of General Statutes 53a-167a. A sentence of ten years was imposed on the first count and a concurrent sentence of one year was imposed on the second count. The total effective sentence was ten years.
The facts underlying petitioner's conviction indicate that on April 3, 1992, two Waterbury police officers, while on patrol, observed an automobile being operated by petitioner. The officers knew that there were two outstanding arrest warrants for petitioner and a registration check of the license plate on his vehicle revealed that it did not correspond to the vehicle and was being misused. The officers lost sight of petitioner's vehicle but a short while later observed it parked at the curb with petitioner sitting on the driver's side of the front seat. The officers pulled their police cruiser parallel to petitioner's vehicle and one officer exited the cruiser and approached petitioner. Petitioner immediately started his engine and backed the vehicle up pinning the officer's legs between his own vehicle and that of the police car. Petitioner then drove forward ramming into the officer. This impact threw the officer onto the hood of petitioner's vehicle which also struck the police vehicle. With the officer still holding onto the hood, petitioner repeated this maneuver going rapidly into reverse and then forward striking the vehicle parked behind him as well as the police cruiser again. The officer operating the cruiser got out of his vehicle and attempted to extricate petitioner from his vehicle. At this point petitioner swerved his vehicle side to side striking this officer several times. At this time the other officer was still holding onto the hood and he fired his pistol through the windshield at petitioner striking him in the chest. Petitioner then drove forward and backward until the officer on the hood was thrown from the vehicle and ended up underneath a parked vehicle. Petitioner lost control of his vehicle and drove into a fence and the porch of a residence. One of the officers then was able to handcuff petitioner and place him under arrest. Both CT Page 9874 officers and petitioner were then transported to the hospital emergency room for treatment.
Petitioner's attorney urged a reduction in sentence. He pointed out that the facts claimed by the state were in dispute and that the jury had acquitted petitioner of a charge of assault in the second degree. The attorney also stated that the claim with respect to the interferring was so confusing that the judge was justified in imposing a concurrent sentence. The attorney also stated that the presentence investigation was harmful and prejudicial to petitioner because it misstated his attitude problem. He stated that the court may have been prejudiced by the probation officer's interpretation of petitioner's attitude. Considering all of these factors the attorney argued that the sentence should be reduced.
The state's attorney argued against any reduction in sentence. He stated that the injuries resulting to the officers from petitioner's conduct were serious. He also stated that the presentence investigation was prepared by an experience probation officer and was correct. The state's attorney also stated that petitioner's argument that the officers hurt themselves was not credible.
The offense involved here was petitioner's fourth criminal conviction. It was also indicated that he had been arrested in connection with other offenses in the State of Massachusetts. The offense here consisted of extreme antisocial behavior on the part of petitioner. The officers were painfully injured, suffered financial loss and were put in fear of their lives. Considering the nature of the offenses, the character of petitioner and the necessity of protecting the public and deterring conduct of this nature, it cannot be found that the sentence imposed was inappropriate or disproportionate. Connecticut Practice Book 942.
The sentence is affirmed.
Purtill, J.
Klaczak, J.
Norko, J. CT Page 9875
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.